IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-00174-01-CR-W-DGK |
| ) | |
| RODNEY J. ANDERSON, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant's Motion to Dismiss Count One of the Indictment With Prejudice as It Violates Defendant's Sixth Amendment Right to Jury Unanimity (doc #19). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

A. The Indictment

On June 22, 2010, the Grand Jury returned a four-count indictment against defendant Rodney J. Anderson. The indictment charges defendant Anderson with conspiracy to commit arson and mail fraud (Count One); arson (Count Two); mail fraud (Count Three); and using fire to commit a federal felony (Count Four).

Count One, the charge pertinent to the motion to dismiss currently before the Court, provides:

At all times relevant to this Indictment:

1. The downtown Hereford House Restaurant was located at 2 East 20th Street, Kansas City, Missouri ("Hereford House"). The Hereford House was owned by B&C Restaurant Corporation and managed by Skivers Corporation.

2. B&C Restaurant Corporation was a holding company that owned the Hereford House Restaurant business, while the building itself was owned by Hereford K.C. Realty, LLC.

3. Skivers Corporation was a restaurant management company located at 2 East 20th Street, Kansas City, Missouri. Skivers Corporation manage[d] various restaurants in Kansas City, Missouri; Independence, Missouri; Leawood, Kansas; Shawnee, Kansas; and Lawrence, Kansas, in which defendant RODNEY J. ANDERSON held an ownership interest. Skivers Corporation managed the Hereford House.

4. Defendant RODNEY J. ANDERSON held an ownership interest in B&C Restaurant Corporation, Hereford K.C. Realty, LLC and Skivers Corporation.

5. The Hereford House was insured through an insurance policy with Travelers Property Casualty Company of America ("Travelers"). Travelers corporate headquarters are located in Hartford, Connecticut.

6. The Hereford House insurance policy with Travelers provided coverage in the event of a loss by fire to the Hereford House building and to the contents of the building located at 2 East 20th Street, Kansas City, Missouri.

7. The Hereford House insurance policy with Travelers also provided business interruption coverage in the event of a loss by fire to the Hereford House.

8. U.S. Foodservice is a national food service supplier to restaurants, hotels, schools, healthcare facilities and other businesses of food and non-food supplies. The corporate headquarters for U.S. Foodservice are located in Rosemont, Illinois. U.S. Foodservice's regional headquarters for the Kansas City, Missouri area, are located in Topeka, Kansas. U.S. Foodservice was a supplier for Skivers Corporation and the Hereford House. Most of the supply orders for the Hereford House were filled and shipped from U.S. Foodservice's distribution warehouse located in Topeka, Kansas.

Conspiracy to Commit Arson and Mail Fraud

9. From on or about September 27, 2008 to on or about October 20, 2008, in the Western District of Missouri and elsewhere, defendant RODNEY J. ANDERSON, knowingly and willfully conspired, combined, confederated and agreed with others known and unknown to the grand jury, to violate the laws of the United States, specifically, to commit arson of the Hereford House, which was property used in interstate commerce, in violation of 18 U.S.C. § 844(i) and to devise a scheme and artifice to defraud Travelers, by means of materially false pretenses, representations, and promises, and to utilize the mail for the purpose of executing

that scheme and artifice, in violation of Title 18, United States Code, Section 1341.

## Manner and Means of the Conspiracy

10. The manner and means by which the conspiracy to commit arson and mail fraud operated included, but was not limited to the following:

   a) It was part of the conspiracy that defendant RODNEY J. ANDERSON obtained the services of others to set fire to the Hereford House.

   b) It was further part of the conspiracy that defendant RODNEY J. ANDERSON and others would submit a request for payment of insurance proceeds from Travelers making a materially false representation that defendant RODNEY J. ANDERSON was not responsible for the loss caused by the fire to the Hereford House.

## Overt Acts

11. In furtherance of the conspiracy to commit arson and mail fraud and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Missouri and elsewhere:

   a) On September 27, 2008, defendant RODNEY J. ANDERSON met with a co-conspirator at the Hereford House and showed him the property for approximately 50 minutes.

   b) On September 27, 2008, defendant RODNEY J. ANDERSON provided a co-conspirator with a key and security alarm code that had been issued to a former employee, in order for the co-conspirator to gain entry into the Hereford House and deactivate the security alarm system.

   c) On October 12, 2008, defendant RODNEY J. ANDERSON's co-conspirators used the key and alarm code provided by defendant RODNEY J. ANDERSON to enter the Hereford House and conduct a walk-through in preparation for setting fire to the Hereford House.

   d) On October 19, 2008, defendant RODNEY J. ANDERSON's co-conspirators used the key and alarm code provided by defendant RODNEY J. ANDERSON to enter the Hereford House and set fire to the building.

   e) On October 21, 2008, Travelers sent a reservation of rights letter with a proof of loss form via electronic mail to The Hereford House in

Kansas City, Missouri, from the general adjuster located in Overland Park, Kansas.

   f) On November 19, 2008, defendant RODNEY J. ANDERSON submitted a request to Travelers for an advance payment on the Hereford House insurance policy in the amount of $300,000.00.

   g) On December 10, 2008, Travelers sent via DHL overnight delivery, check number 02795724, in the amount of $300,000.00, payable to The Hereford House, from Hartford, Connecticut, to The Hereford House, at 100 E. 20th Street, Kansas City, Missouri.

   h) On February 18, 2009, defendant RODNEY J. ANDERSON signed and submitted a proof of loss statement to Travelers, claiming a loss on behalf of Hereford K.C. Realty, LLC, to the building located at 2 East 20th Street to be $962,593.00, and representing that the loss did not originate by any act, design or procurement on his part.

   i) On February 18, 2009, defendant RODNEY J. ANDERSON signed and submitted a proof of loss statement to Travelers, claiming a loss on behalf of B&C Restaurant Corporation to be $1,459,505.00, and representing that the loss did not originate by any act, design or procurement on his part.

All in violation of Title 18, United States Code, Section 371.

(Indictment at 2-5)

   B. The Statutes

The statute that defendant has been charged with violating in Count One (18 U.S.C. § 371) provides in part:

   **§ 371. Conspiracy to commit offense or to defraud United States**

   If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. Count One also references two other statutes (18 U.S.C. §§ 844(i) and 1341)

which statutes provide:

> **§ 844. Penalties**
>
> (i) Whoever maliciously damages or destroys ... by means of fire ... any building ... used in interstate ... commerce or in any activity affecting interstate ... commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both ....
>
> **§ 1341. Frauds and swindles**
>
> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises ... for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. ...

18 U.S.C. §§ 844(i) and 1341.

## II. DISCUSSION

Defendant Anderson argues that a conviction for conspiracy to commit arson and mail fraud under 18 U.S.C. § 371 would violate defendant's Sixth Amendment right to a unanimous jury verdict. (Defendant's Motion to Dismiss Count One of the Indictment With Prejudice as It Violates Defendant's Sixth Amendment Right to Jury Unanimity (doc #19) at 2) According to defendant, arson and mail fraud are not merely a means to accomplish a single conspiracy, rather, each operates as a separate object or purpose of the conspiracy and each should be charged as an object of separate conspiracies. (Id. at 4) Defendant argues that a jury instruction patterned after 5.06A of the Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, the jury instruction for conspiracy, will impermissibly confuse the jury given the two objects of the conspiracy. (Id. at 7)

The government responds that Count One charges a single conspiracy with two objects, that is a single conspiracy to commit two crimes. (Government's Response to Defendant's Motion to Dismiss Count One of the Indictment (Doc. 19) Based on His Claim of a Violation of His Right to a Unanimous Jury (doc #25) at 2-3)

A duplicitous indictment charges two or more separate and distinct offenses in a single count. See United States v. Davis, 471 F.3d 783, 790 (7th Cir. 2006); United States v. Nattier, 127 F.3d 655, 657 (8th Cir. 1997), cert. denied, 523 U.S. 1065 (1998); United States v. Street, 66 F.3d 969, 974 (8th Cir. 1995). However, an indictment is not duplicitous if it charges a single offense carried out through different means. See Davis, 471 F.3d at 790. The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense. See United States v. Karam, 37 F.3d 1280, 1286 (8th Cir. 1994), cert. denied, 513 U.S. 1156 (1995). In other words:

> "The vice of duplicity is that there is no way in which the jury can convict on one offense and acquit on another offense contained in the same count." 1A Charles A. Wright, Federal Practice and Procedure, § 142 at 16 (1999). Therefore, a general guilty verdict on a duplicitous indictment could result in improper sentencing, preclude appellate review or violate the Double Jeopardy Clause of the Fifth Amendment. ...

United States v. Pena-Gonzalez, 62 F.Supp.2d 366, 368 (D.P.R. 1999).

As set forth in Ingram v. United States, 360 U.S. 672, 679 (1959), "[a] conspiracy, to be sure, may have multiple objectives." In fact, the Court notes that appellate courts routinely uphold convictions where defendants have been charged and convicted of conspiracy to commit arson and mail fraud. See United States v. Xiong, 595 F.3d 697, 698 (7th Cir. 2010)(defendant convicted of conspiracy to commit arson and mail fraud under 18 U.S.C. § 371); United States v. Hernandez, 293 Fed. Appx. 715, 715 (11th Cir. 2008)(defendant convicted of conspiracy to commit murder for hire,

6

arson and mail fraud in violation of 18 U.S.C. § 371); Logan v. United States, 434 F.3d 503, 506 (6th Cir. 2006)(defendant found guilty of conspiracy to commit mail fraud and arson in violation of 18 U.S.C. § 371); Noland v. United States, 1994 WL 150384, *1 (8th Cir. 1994)(jury convicted defendant of committing and conspiring to commit arson and mail fraud); United States v. Sollars, 979 F.2d 1294, 1296 (8th Cir. 1992)(defendants convicted of conspiracy to commit arson and mail fraud in violation of 18 U.S.C. § 371).

With respect to defendant Anderson's concern that the jury will not reach a unanimous verdict given the charge, the Model Criminal Jury Instructions for the District Courts of the Eighth Circuit provide a specific instruction when charging multiple objectives in a single conspiracy count. Jury Instruction 5.06F provides:

> The indictment charges a conspiracy to commit two separate crimes. It is not necessary for the Government to prove a conspiracy to commit both of those crimes. It would be sufficient if the Government proves, beyond a reasonable doubt, a conspiracy to commit *one* of those crimes. In that event, to return a verdict of guilty, you must unanimously agree *which* of the two crimes was the subject of the conspiracy. If you are unable to unanimously agree, you cannot find the defendant guilty of conspiracy.

There is, therefore, no danger that a jury might convict without unanimous agreement on defendant's guilt with respect to section 371 because the jury "must unanimously agree *which* of the two crimes was the subject of the conspiracy." Instruction 5.06F of the Model Criminal Jury Instructions for the District Courts of the Eighth Circuit.

III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Dismiss Count One of the Indictment

With Prejudice as It Violates Defendant's Sixth Amendment Right to Jury Unanimity (doc #19).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                            */s/ Sarah W. Hays*
                                                         SARAH W. HAYS
                                       UNITED STATES MAGISTRATE JUDGE