IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-00174-01-CR-W-DGK |
| | ) | |
| RODNEY J. ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on the following two motions:

1. Defendant's Amended Motion to Dismiss Count Four of the Indictment With Prejudice, or, in the Alternative, Order the Government to Elect Prior to Sentencing Upon Conviction of Multiple Counts on Grounds of Double Jeopardy and the Cumulative Punishment Doctrine (doc #22);[1] and

2. Defendant's Amended Motion to Dismiss Counts Two or Four and Three or Four of the Indictment With Prejudice or, in the Alternative, Upon Conviction of Said Counts, Order the Government to Elect Prior to Sentencing the Counts to Be Sentenced, All Based on Grounds of Double Jeopardy and the Lesser Included Offense Doctrine (doc #23).[2]

For the reasons set forth below, it is recommended that these motions be denied.

---

[1]This amended motion replaced Defendant's Motion to Dismiss Count Four of the Indictment With Prejudice, or, in the Alternative, Order the Government to Elect Prior to Sentencing Upon Conviction of Multiple Counts on Grounds of Double Jeopardy and the Cumulative Punishment Doctrine (doc #20).

[2]This amended motion replaced Defendant's Motion to Dismiss Counts Two or Four and Three or Four of the Indictment With Prejudice or, in the Alternative, Upon Conviction of Said Counts, Order the Government to Elect Prior to Sentencing the Counts to Be Sentenced, All Based on Grounds of Double Jeopardy and the Lesser Included Offense Doctrine (doc #21).

I.  INTRODUCTION

A.   The Indictment

On June 22, 2010, the Grand Jury returned a four-count indictment against defendant Rodney J. Anderson.  The indictment charges defendant Anderson with conspiracy to commit arson and mail fraud (Count One); arson (Count Two); mail fraud (Count Three); and using fire to commit a federal felony (Count Four).

The indictment provides:

COUNT ONE

At all times relevant to this Indictment:

1.    The downtown Hereford House Restaurant was located at 2 East 20th Street, Kansas City, Missouri ("Hereford House").  The Hereford House was owned by B&C Restaurant Corporation and managed by Skivers Corporation.

2.    B&C Restaurant Corporation was a holding company that owned the Hereford House Restaurant business, while the building itself was owned by Hereford K.C. Realty, LLC.

3.    Skivers Corporation was a restaurant management company located at 2 East 20th Street, Kansas City, Missouri.  Skivers Corporation manage[d] various restaurants in Kansas City, Missouri; Independence, Missouri; Leawood, Kansas; Shawnee, Kansas; and Lawrence, Kansas, in which defendant RODNEY J. ANDERSON held an ownership interest.  Skivers Corporation managed the Hereford House.

4.    Defendant RODNEY J. ANDERSON held an ownership interest in B&C Restaurant Corporation, Hereford K.C. Realty, LLC and Skivers Corporation.

5.    The Hereford House was insured through an insurance policy with Travelers Property Casualty Company of America ("Travelers").  Travelers corporate headquarters are located in Hartford, Connecticut.

6.    The Hereford House insurance policy with Travelers provided coverage in the event of a loss by fire to the Hereford House building and to the contents of the building located at 2 East 20th Street, Kansas City, Missouri.

7. The Hereford House insurance policy with Travelers also provided business interruption coverage in the event of a loss by fire to the Hereford House.

8. U.S. Foodservice is a national food service supplier to restaurants, hotels, schools, healthcare facilities and other businesses of food and non-food supplies. The corporate headquarters for U.S. Foodservice are located in Rosemont, Illinois. U.S. Foodservice's regional headquarters for the Kansas City, Missouri area, are located in Topeka, Kansas. U.S. Foodservice was a supplier for Skivers Corporation and the Hereford House. Most of the supply orders for the Hereford House were filled and shipped from U.S. Foodservice's distribution warehouse located in Topeka, Kansas.

Conspiracy to Commit Arson and Mail Fraud

9. From on or about September 27, 2008 to on or about October 20, 2008, in the Western District of Missouri and elsewhere, defendant RODNEY J. ANDERSON, knowingly and willfully conspired, combined, confederated and agreed with others known and unknown to the grand jury, to violate the laws of the United States, specifically, to commit arson of the Hereford House, which was property used in interstate commerce, in violation of 18 U.S.C. § 844(i) and to devise a scheme and artifice to defraud Travelers, by means of materially false pretenses, representations, and promises, and to utilize the mail for the purpose of executing that scheme and artifice, in violation of Title 18, United States Code, Section 1341.

Manner and Means of the Conspiracy

10. The manner and means by which the conspiracy to commit arson and mail fraud operated included, but was not limited to the following:

    a) It was part of the conspiracy that defendant RODNEY J. ANDERSON obtained the services of others to set fire to the Hereford House.

    b) It was further part of the conspiracy that defendant RODNEY J. ANDERSON and others would submit a request for payment of insurance proceeds from Travelers making a materially false representation that defendant RODNEY J. ANDERSON was not responsible for the loss caused by the fire to the Hereford House.

Overt Acts

11. In furtherance of the conspiracy to commit arson and mail fraud and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Missouri and elsewhere:

a) On September 27, 2008, defendant RODNEY J. ANDERSON met with a co-conspirator at the Hereford House and showed him the property for approximately 50 minutes.

b) On September 27, 2008, defendant RODNEY J. ANDERSON provided a co-conspirator with a key and security alarm code that had been issued to a former employee, in order for the co-conspirator to gain entry into the Hereford House and deactivate the security alarm system.

c) On October 12, 2008, defendant RODNEY J. ANDERSON's co-conspirators used the key and alarm code provided by defendant RODNEY J. ANDERSON to enter the Hereford House and conduct a walk-through in preparation for setting fire to the Hereford House.

d) On October 19, 2008, defendant RODNEY J. ANDERSON's co-conspirators used the key and alarm code provided by defendant RODNEY J. ANDERSON to enter the Hereford House and set fire to the building.

e) On October 21, 2008, Travelers sent a reservation of rights letter with a proof of loss form via electronic mail to The Hereford House in Kansas City, Missouri, from the general adjuster located in Overland Park, Kansas.

f) On November 19, 2008, defendant RODNEY J. ANDERSON submitted a request to Travelers for an advance payment on the Hereford House insurance policy in the amount of $300,000.00.

g) On December 10, 2008, Travelers sent via DHL overnight delivery, check number 02795724, in the amount of $300,000.00, payable to The Hereford House, from Hartford, Connecticut, to The Hereford House, at 100 E. 20th Street, Kansas City, Missouri.

h) On February 18, 2009, defendant RODNEY J. ANDERSON signed and submitted a proof of loss statement to Travelers, claiming a loss on behalf of Hereford K.C. Realty, LLC, to the building located at 2 East 20th Street to be $962,593.00, and representing that the loss did not originate by any act, design or procurement on his part.

i) On February 18, 2009, defendant RODNEY J. ANDERSON signed and submitted a proof of loss statement to Travelers, claiming a loss on behalf of B&C Restaurant Corporation to be $1,459,505.00, and representing that the loss did not originate by any act, design or procurement on his part.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

12.     Paragraphs 1 through 11 of Count One, as set forth above, are re-alleged and expressly incorporated as if fully set forth herein.

13.     On or about October 20, 2008, in the Western District of Missouri, the defendant, RODNEY J. ANDERSON, aiding and abetting others, both known and unknown to the grand jury, maliciously damaged and destroyed, by means of fire and explosive materials, the Hereford House Restaurant located at 2 East 20th Street, Kansas City, Missouri, which was used in and affected interstate commerce.

All in violation of Title 18, United States Code, Sections 844(i) and 2.

## COUNT THREE

14.     Paragraphs 1 through 11 of Count One, as set forth above, are re-alleged and expressly incorporated as if fully set forth herein.

15.     On or about December 10, 2008, in the Western District of Missouri, the defendant, RODNEY J. ANDERSON, having knowingly devised a scheme and artifice to obtain money by means of false and fraudulent pretenses, representations and promises, did, for the purpose of executing the scheme and artifice, knowingly cause to be delivered by DHL, a private and commercial interstate carrier, check number 02795724, in the amount of $300,000.00, payable to The Hereford House, from Travelers' Headquarters in Hartford, Connecticut, to The Hereford House, at 100 E. 20th Street, Kansas City, Missouri.

All in violation of Title 18, United States Code, Section 1341.

## COUNT FOUR

16.     On or about October 20, 2008, in the Western District of Missouri, the defendant, RODNEY J. ANDERSON, aiding and abetting others, both known and unknown to the grand jury, knowingly used fire to commit conspiracy to commit arson and mail fraud as charged in Count One of this Indictment and mail fraud as charged in Count Three of this Indictment all felonies prosecutable in a court of the United States,

All in violation of Title 18, United States Code, Sections 844(h) and 2.

(Indictment at 2-7)

B.  The Statutes

The statutes that defendant has been charged with violating (18 U.S.C. §§ 371, 844(h) and (i), 1341 and 2) provide in part:

**§ 371.  Conspiracy to commit offense or to defraud United States**

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371.

**§ 844.  Penalties**

(h)   Whoever–

(1)   uses fire ... to commit any felony which may be prosecuted in a court of the United States ...

* * *

... in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years. ... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried.

(i)   Whoever maliciously damages or destroys ... by means of fire ... any building ... used in interstate ... commerce or in any activity affecting interstate ... commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both ....

**§ 1341.  Frauds and swindles**

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises ... for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal

Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. ...

**§ 2.  Principals**

       (a)     Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

       (b)     Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. §§ 371, 844(h) and (i), 1341 and 2.

## II.  DISCUSSION

A.     Amended Motion to Dismiss Count Four

Defendant Anderson argues:

> A conviction on Count Four would violate the Defendant's Fifth Amendment rights because it amounts to additional, unauthorized, cumulative punishment, if the Defendant is convicted of Counts One, Two, and Three. Congress has not authorized three separate punishments for arson, for conspiracy to commit arson, and for using fire to commit conspiracy to commit arson. United States v. Corona, 108 F.3d 565, 571 (5th Cir. 1997). Here, the indictment attempts to avoid a double jeopardy violation. However, the indictment fails in this regard. There is ample case law stating that arson cannot be the predicate offense for the use of fire count because the two counts differ only in name. Id. at 572 (those two counts would differ only in name–both would punish the defendants for burning buildings with an effect on interstate commerce); See also United States v. Chaney, 559 F.2d 1094, 1095-96 (7th Cir. 1977)(holding that convictions under § 844(h) and § 844(i) create a double jeopardy violation when the § 844(i) offense is the crime in which the defendant used fire.) ...
>
> None of the above mentioned offenses involve an element that the other does not. Additionally, there is no indication from Congress that every arson charge should be subject to the ten (10) year enhancement that is set out in Section 844(h). Corona, at 572. In fact, the Seventh Circuit concluded that ... the two counts

7

> "amount to the same offense within the meaning of the double jeopardy clause because they would be proved by identical evidence." Chaney, at 1096 ... Because there is ample case law stating that arson may not be the predicate felony for use of fire, the government has essentially used duplicitous language in the indictment and designated conspiracy to commit arson and mail fraud as the underlying felony. Again, this does not change the fact that the overt act required for all three charges is the same fire. Allowing the government to charge the defendant with all three crimes allows the government to punish the defendant for the same fire three times. This violates Defendant's double jeopardy right.

(Defendant's Amended Motion to Dismiss Count Four (doc #22) at 7-9)

Numerous appellate courts have upheld convictions over the defendants' claims of double jeopardy where the defendants have been charged with violations similar to those with which defendant Anderson is charged. See United States v. Xiong, 595 F.3d 697 (7th Cir. 2010)(defendant charged with arson under 18 U.S.C. § 844(i), mail fraud under 18 U.S.C. § 1341, conspiracy to commit arson and mail fraud under 18 U.S.C. § 371 and use of fire to commit mail fraud under 18 U.S.C. § 844(h)); United States v. Severns, 559 F.3d 274 (5th Cir. 2009)(defendant charged with mail fraud, arson and use of fire to commit mail fraud); United States v. Martin, 523 F.3d 281 (4th Cir. 2008)(defendant charged with arson under 18 U.S.C. § 844(i), using fire to commit mail fraud under 18 U.S.C. § 844(h)(1) and mail fraud under 18 U.S.C. § 1341); United States v. Ihmoud, 454 F.3d 887 (8th Cir. 2006)(defendant charged with conspiracy to commit arson, mail fraud, arson and arson in furtherance of mail fraud under 18 U.S.C. § 844(h)(1)); United States v. Patel, 370 F.3d 108 (1st Cir. 2004)(defendant charged with arson under 18 U.S.C. § 844(i), mail fraud under 18 U.S.C. § 1341 and using fire to commit mail fraud under 18 U.S.C. § 844(h)(1)); United States v. Grassie, 237 F.3d 1199 (10th Cir. 2001)(defendant charged with arson and use of fire to commit arson); United States v. Fiore, 821 F.2d 127 (2nd Cir. 1987)(defendant charged with arson under 18 U.S.C. § 844(i), using fire to commit mail fraud under 18 U.S.C. § 844(h)(1) and mail fraud under 18

U.S.C. § 1341).

Other appellate courts have upheld sentences over the defendants' claims that convictions under 18 U.S.C. § 844(h)(1) should not run consecutively to convictions under other underlying charges. See United States v. Beardslee, 197 F.3d 378 (9th Cir. 1999)(defendant charged with conspiracy under 18 U.S.C. § 371, arson under 18 U.S.C. § 844(i), use of fire to commit mail fraud under 18 U.S.C. § 844(h) and mail fraud under 18 U.S.C. § 1341); United States v. Marji, 158 F.3d 60 (2nd Cir. 1998)(defendant charged with attempting to destroy a building by arson under 18 U.S.C. § 844(i), committing insurance fraud through the use of the mails under 18 U.S.C. § 1341, conspiring to commit mail fraud under 18 U.S.C. § 371 and using fire to commit mail fraud under 18 U.S.C. § 844(h)).

One appellate court has been presented with the exact charges brought against defendant Anderson. See United States v. Smith, 354 F.3d 390 (5th Cir. 2003), cert. denied, 541 U.S. 953 (2004). In Smith, the defendant was charged with arson under 18 U.S.C. § 844(i), mail fraud under 18 U.S.C. § 1341, conspiracy to commit arson and mail fraud under 18 U.S.C. § 371 and use of fire to commit mail fraud and conspiracy under 18 U.S.C. § 844(h). Id. at 393 n.1. In dealing with the defendant's claims of double jeopardy, the Smith court found:

> When a defendant challenges multiple punishments for the same conduct ... our double jeopardy analysis turns on whether Congress has authorized the result at issue. If Congress has enacted statutes that separately punish the same conduct, there is no double jeopardy violation. Missouri v. Hunter, 459 U.S. 359, 368-69 (1983); United States v. Prestenbach, 230 F.3d 780, 782 n.9 (5th Cir. 2000). Where that inquiry proves inconclusive, we disregard intent and determine "whether conviction under each statutory provision requires proof of an additional fact which the other does not." United States v. Corona, 108 F.3d 565, 572 (5th Cir.1997)(quoting United States v. Nguyen, 28 F.3d 477, 482 (5th Cir.1994)). Where punishment is assessed under three or more statutory provisions, each offense must require proof of a fact that is not part of the sum of the elements necessary to prove the other two offenses. Id.; see also Blockburger v. United States, 284 U.S. 299 (1932).

9

Smith relies on Corona[3] to challenge her concurrent sentences for (1) arson under 18 U.S.C. § 844(i); (2) conspiracy to commit arson and mail fraud under 18 U.S.C. § 371; and (3) use of fire to commit a felony under 18 U.S.C. § 844(h)(1). In Corona, 108 F.3d at 573, we held that the Double Jeopardy Clause was violated by a sentence issued under the same three statutes where the predicate felony in the use of fire count is a conspiracy to commit arson.[4] Citing Blockburger, we observed that "[o]nce the jury has found the defendants guilty of arson and conspiracy to commit arson, it has found them guilty of using fire as part of that conspiracy." Id.

\* \* \*

Nevertheless, even under the Blockburger analysis employed in Corona, there is no double jeopardy violation here. The critical difference between this case and Corona is that the superseding indictment charged this defendant with the use of fire to commit mail fraud under 18 U.S.C. § 1341 and use of fire in furtherance of the conspiracy to commit arson and mail fraud under § 371. This cures the double jeopardy problem found in Corona, because it requires the government to prove an additional fact, in the use-of-fire count, that is not an essential element of either the arson or the conspiracy.

We agree with our sister circuits that it does not violate double jeopardy to convict of both arson and the use of fire to commit mail fraud.[FN12] Each of these offenses contains a unique fact not required by the other offense: Arson requires the attempted destruction of a building, and the use of fire to commit a felony violation of § 1341 requires the use of the mails to defraud another. Thus, the common requirement that fire be used for the § 844(h)(1) use-of-fire count and the § 844(i) arson count does not constitute double jeopardy.

> [FN12.]See United States v. Zendeli, 180 F.3d 879, 886 (7th Cir. 1999); United States v. Fiore, 821 F.2d 127, 130-31 (2nd Cir. 1987).

From this, it also follows that the double jeopardy clause is not violated by Smith's sentence, because each statute requires proof of an element not found in the others. Arson, under § 844(i), requires the use of fire to destroy a building. Conspiracy to commit arson under § 371 requires an agreement to use fire to destroy

---

[3]Defendant Anderson also relies heavily on Corona. (See Defendant's Amended Motion to Dismiss Count Four (doc #22) at 7-12)

[4]In United States v. Severns, 559 F.3d 274, 284 (5th Cir. 2009), the Fifth Circuit stated that if it were writing on a clean slate, it would consider congressional intent in more detail to determine whether Congress expressed an intent to allow the sentencing enhancement in section 844(h)(1) to apply to all underlying felonies, including arson as the predicate felony.

a building. And, finally, the use of fire to commit mail fraud under §§ 844(h)(1) and 1341 requires the use of fire to defraud someone through the mails. Because the § 1341 mail fraud charge can be satisfied with or without the use of fire, and it requires proof of facts not required by the other statutes, it does not violate double jeopardy to punish for arson, conspiring to commit arson, and using fire to commit mail fraud.

The only remaining consideration is whether our conclusion is affected by the fact that count 4 of the indictment alleges the use of fire to commit mail fraud and conspiracy because, under Corona, arguably it would violate double jeopardy to punish the defendant for the use of fire in connection with the conspiracy.[FN13] The government's decisions on how to charge do not taint the overall analysis here, however, because the jury found that Smith committed both underlying felonies, and the burning of the motel was central to the government's arguments for each. Count 1 lists the burning of the motel as one of the overt acts of the conspiracy, and count 3 lists the arson as part of the scheme to create a false insurance claim. As a result, the use-of-fire count is adequately supported by the felony of mail fraud, even if not by the conspiracy.[FN14]

> [FN13.]We say "arguably" only because the government made the issue even more complicated by charging that fire was used to commit a "conspiracy to commit mail fraud and arson," and Corona does not prohibit a conviction on the use of fire to commit a mail fraud conspiracy.

> [FN14.]We note, however, that the government took an unnecessary risk in combining the conspiracies into a single count, because there was the possibility that even a technical acquittal on the mail fraud count would leave it unable to proceed on the use-of-fire count, and we would be unable to determine whether the jury found fire was used in a conspiracy to commit mail fraud or, instead, in a conspiracy to commit arson.

Smith, 354 F.3d at 398-400.

Other courts have found the reasoning in Smith persuasive. In United States v. Patel, 370 F.3d 108 (1st Cir. 2004), the court found:

Neither the text nor the legislative history of the using fire statute reveals whether Congress intended it to apply where the defendant is also charged with arson. However, there is no Double Jeopardy bar to imposing multiple punishments for arson and using fire to commit mail fraud because these are separate offenses under Blockburger. Arson requires proof that a defendant, through the use of fire, damaged "a building ... used in interstate commerce." 18 U.S.C. § 844(i). Using fire to commit mail fraud requires proof that the defendant used the mails to further a scheme to defraud. See 18 U.S.C. § 1341. Thus, arson requires proof that *fire*

11

*damaged a building*, which is not an element of using fire to commit mail fraud. And using fire to commit mail fraud requires proof that the defendant *used the mails to further a scheme to defraud*, which is not an element of arson. Therefore the addition of the arson conviction does not make Patel's resulting sentence an impermissible cumulative punishment because his punishments were imposed for different offenses.<sup>FN6</sup> See United States v. Smith, 354 F.3d 390, 399 (5th Cir. 2003), cert. denied, 541 U.S. 953 (2004). ...

> <sup>FN6.</sup>For similar reasons arson is not the same offense as mail fraud; arson requires the setting of a fire, while mail fraud requires the use of the mails to defraud. Therefore, cumulative punishments for arson and mail fraud are also permissible.

\* \* \*

Here, the predicate felony for the using fire offense is mail fraud, not arson (as in Chaney[5]) or conspiracy to commit arson (as in Corona). The purpose of the using fire statute is to enhance penalties for crimes that do not require but may involve the use of fire. That is exactly the situation here. Mail fraud is a felony that is typically completed without using fire; however, Congress has determined that, where the defendant uses fire to commit mail fraud, the defendant has committed a more serious offense. Thus, unlike Corona, in which the government, through "creative pleading" and contrary to congressional intent, sought to employ the using fire statute to enhance the punishment for arson, 108 F.3d at 574, the government charged Patel with violating the using fire statute in the way that Congress intended– to provide additional punishment for using fire in the commission of a felony in which the use of fire is not an element of the offense. See Smith, 354 F.3d at 399-400 (distinguishing Corona on a similar basis).

Despite the dispositive differences between Corona and this case, Patel seizes on the Corona court's statement that "where there are more than two statutory provisions at issue, each offense must contain an element not contained in the sum of the elements of the other offenses" 108 F.3d at 572, to make an interesting and novel argument that the using fire conviction is duplicative. In essence, he claims that combining the elements of mail fraud and arson satisfies all of the elements of the using fire offense.

Even if this mode of Blockburger analysis were appropriate in this case, it likely would not assist Patel because the using fire offense required the government

---

[5] United States v. Chaney, 559 F.2d 1094 (7th Cir. 1977), is another case relied upon by defendant Anderson. (See Defendant's Amended Motion to Dismiss Count Four (doc #22) at 7-8, 11)

12

to prove an additional element not encompassed by combining the elements of arson and mail fraud. Arson required proof that Patel set fire to a building; mail fraud required proof that Patel used the mails to further a scheme to defraud; and using fire to commit a felony required proof that Patel used fire to commit mail fraud. Thus, to gain the use of fire conviction the government had to convince the jury of an additional element not required for either arson or mail fraud: Patel committed arson *in order* to commit the mail fraud. In other words, using fire to commit mail fraud required the government to connect the arson to the mail fraud. The statutory elements of arson and mail fraud can be met in a single prosecution without the government connecting the two crimes. Therefore, using fire to commit mail fraud has an additional element which makes it a separate offense from the combination of arson and mail fraud.

Patel, 370 F.3d at 116-17 (footnote omitted). In United States v. Xiong, 595 F.3d 697 (7th Cir. 2010), the court found:

> The Blockburger test usually compares the elements only of two offenses, but Xiong urges us to compare the elements of one offense (use of fire to commit a felony) to the sum of the elements of multiple offenses (arson, mail fraud, and conspiracy), as one of our sister circuits has done. See United States v. Smith, 354 F.3d 390, 398 (5th Cir. 2003); see also United States v. Patel, 370 F.3d 108, 114 (1st Cir. 2004). ...
>
> We have not applied this combination approach to Blockburger in similar circumstances. See United States v. Gardner, 211 F.3d 1049 (7th Cir. 2000); United States v. Zendeli, 180 F.3d 879 (7th Cir. 1999). And we need not decide whether to adopt the Blockburger combination approach as a proper rule of statutory construction. Even if we were to apply it, Xiong's convictions would stand, because each of the sum of the first three offenses, on the one hand, and the use of fire to commit a felony, on the other, "requires proof of a fact that the other does not." Blockburger, 284 U.S. at 304.
>
> First, the sum of arson, mail fraud, and conspiracy requires proof that use of fire to commit a felony does not, and we will name two: an agreement and arson. The use of fire to commit a felony does not require proof of an agreement, one element of a conspiracy. Nor does it require proof of arson, which involves burning a "building, vehicle, or other real or personal property," 18 U.S.C. § 844(i), because it could be proved, for instance, if one were to commit insurance fraud by burning crops.
>
> On the flip side, use of fire to commit a felony requires proof that the sum of the other three does not: a nexus between the use of fire and the felony. See, e.g., Patel, 370 F.3d at 116; Smith, 354 F.3d at 399; United States v. Martin, 523 F.3d

> 281, 292-93 (4th Cir. 2008). The sum of arson, mail fraud, and conspiracy does not require proof that the arson or the overt act element of a conspiracy were done in furtherance of the mail fraud. Indeed, all three could be unconnected events without any nexus. It matters not that Mr. Xiong's arson, mail fraud, and certain overt acts were connected, because the Blockburger test focuses not on the facts of an individual's case, but generically "on the proof necessary to prove the statutory elements of each offense." Illinois v. Vitale, 447 U.S. 410, 416 (1980).
>
> Under the Blockburger combination approach Xiong urges, we discern that Congress intended separate punishments for Xiong's convicted offenses. His convictions are AFFIRMED.

Xiong, 595 F.3d at 698-99.

The charges brought against defendant Anderson are identical to the charges brought against the defendant in United States v. Smith, 354 F.3d 390 (5th Cir. 2003), cert. denied, 541 U.S. 953 (2004). The Smith court dealt with the same arguments presented by defendant Anderson and found no double jeopardy violation because the predicate offense for the use of fire charge was mail fraud (as well as conspiracy to commit mail fraud and arson) rather than a predicate offense of arson or conspiracy to commit arson. The only difficulty that might present itself under the Smith analysis would be if defendant Anderson were acquitted on the mail fraud count. If this were to happen, then under the Smith analysis (which cites United States v. Corona, 108 F.3d 565 (5th Cir. 1997), for the proposition), there would be a double jeopardy violation if defendant were punished for the use of fire in connection with a conspiracy to commit arson. Smith, 354 F.3d at 400. However, some courts have expressed reservations about this result. In United States v. Severns, 559 F.3d 274, 284 (5th Cir. 2009), the Fifth Circuit implied that if it were writing on a clean slate, it would find that Congress intended to allow the sentencing enhancement in section 844(h)(1) to apply to all underlying felonies, including arson. It appears that the Tenth Circuit would agree with this approach. See United States v. Grassie, 237 F.3d 1199, 1215-16 (10th Cir. 2001)(conviction on both

14

a charge under 18 U.S.C. § 247 of destroying a church by fire because of the religious nature of the property–the underlying felony–and a charge under 18 U.S.C. § 844(h)(1) of using fire to commit any federal felony affirmed given "the plain meaning of [section 844(h)(1)] on its face").

Nonetheless, it would be improper to dismiss Count Four of the indictment. If, after a trial on the merits, defendant Anderson is acquitted of the mail fraud charges (but found guilty on the other charges), the Court would need to decide whether to follow the Corona line of case law or "the plain meaning of the statute on its face" approach set forth in Severns and Grassie before sentencing. However, if defendant Anderson is found guilty on all counts, contrary to defendant's argument, the government need not elect which counts to proceed upon at sentencing. As set forth in Smith, there would be no double jeopardy violation if defendant were sentenced on all counts.

      B.      Amended Motion to Dismiss Counts Two or Four and Three or Four

Defendant Anderson argues that Counts Two or Four and Counts Three or Four should be dismissed because both arson (Count Two) and mail fraud (Count Three) are lesser included offenses of the charge in Count Four (that is the use of fire to commit a federal felony to wit: conspiracy to commit arson and mail fraud (Count One) and mail fraud (Count Three)). (Defendant's Amended Motion to Dismiss Counts Two or Four and Three or Four (doc #23) at 2 and 4) As the very first case cite in support of his argument regarding arson, defendant cites "Brown v. Ohio, 432 U.S. 161 (1977)(stating that *arson* and *use of fire to commit a federal felony* amount to the same offense within the meaning of the double jeopardy clause)." (Defendant's Amended Motion to Dismiss Counts Two or Four and Three or Four (doc #23) at 2) However, the Brown case does not state what defendant alleges it states. In fact, the Brown case does not even deal with arson or use of fire to commit a federal felony. Instead, Brown held that the double jeopardy clause of the

15

Fifth Amendment barred the prosecution and punishment for the crime of auto theft following the prosecution and punishment for the lesser included offense of joyriding. 432 U.S. at 168-70. With respect to mail fraud, defendant admits that mail fraud is not generally considered a lesser included offense of a use of fire to commit a federal felony charge.[6] (Defendant's Amended Motion to Dismiss Counts Two or Four and Three or Four (doc #23) at 4)

First, the law is clear that "[t]he double jeopardy clause does not prohibit the prosecution from charging and trying a criminal defendant for both the greater offense and the lesser included offense in a single trial." Thompson v. Missouri, 724 F.2d 1314, 1319 (8th Cir.), cert. denied, 466 U.S. 961 (1984).

Next, defendant Anderson has presented no case law where a court has dismissed either an arson charge or a mail fraud charge as lesser included offenses to a charge under 18 U.S.C. § 844(h)(1) with the predicate felony being mail fraud or conspiracy to commit arson and mail fraud. As set forth above, there is ample case law to support the charges brought against defendant Anderson from double jeopardy challenges. See United States v. Xiong, 595 F.3d 697 (7th Cir. 2010)(defendant charged with arson under 18 U.S.C. § 844(i), mail fraud under 18 U.S.C. § 1341, conspiracy to commit arson and mail fraud under 18 U.S.C. § 371 and use of fire to commit mail fraud under 18 U.S.C. § 844(h)); United States v. Severns, 559 F.3d 274 (5th Cir. 2009)(defendant charged with mail fraud, arson and use of fire to commit mail fraud); United States v. Martin, 523 F.3d 281 (4th Cir. 2008)(defendant charged with arson under 18 U.S.C. § 844(i), using fire to commit mail fraud under 18 U.S.C. § 844(h)(1) and mail fraud under 18 U.S.C. § 1341); United States v.

---

[6] In United States v. Shriver, 838 F.2d 980, 981-82 (8th Cir. 1988), the Eighth Circuit denied the defendant's argument that his convictions of mail fraud and using fire to commit a felony (mail fraud) violate the double jeopardy clause of the Fifth Amendment.

16

Ihmoud, 454 F.3d 887 (8th Cir. 2006)(defendant charged with conspiracy to commit arson, mail fraud, arson and arson in furtherance of mail fraud under 18 U.S.C. § 844(h)(1)); United States v. Patel, 370 F.3d 108 (1st Cir. 2004)(defendant charged with arson under 18 U.S.C. § 844(i), mail fraud under 18 U.S.C. § 1341 and using fire to commit mail fraud under 18 U.S.C. § 844(h)(1)); United States v. Smith, 354 F.3d 390 (5th Cir. 2003)(defendant charged with arson under 18 U.S.C. § 844(i), mail fraud under 18 U.S.C. § 1341, conspiracy to commit arson and mail fraud under 18 U.S.C. § 371 and use of fire to commit mail fraud and conspiracy under 18 U.S.C. § 844(h)); United States v. Grassie, 237 F.3d 1199 (10th Cir. 2001)(defendant charged with arson and use of fire to commit arson); United States v. Fiore, 821 F.2d 127 (2nd Cir. 1987)(defendant charged with arson under 18 U.S.C. § 844(i), using fire to commit mail fraud under 18 U.S.C. § 844(h)(1) and mail fraud under 18 U.S.C. § 1341).

Given this precedent, defendant's motion must be denied.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Amended Motion to Dismiss Count Four of the Indictment With Prejudice, or, in the Alternative, Order the Government to Elect Prior to Sentencing Upon Conviction of Multiple Counts on Grounds of Double Jeopardy and the Cumulative Punishment Doctrine (doc #22) as well as the original motion it replaced (doc #20). It is further

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Amended Motion to Dismiss Counts Two or Four and Three or Four of the Indictment With Prejudice or, in the Alternative, Upon Conviction

of Said Counts, Order the Government to Elect Prior to Sentencing the Counts to Be Sentenced, All Based on Grounds of Double Jeopardy and the Lesser Included Offense Doctrine (doc #23) as well as the original motion it replaced (doc #21).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

> */s/ Sarah W. Hays*
> SARAH W. HAYS
> UNITED STATES MAGISTRATE JUDGE